**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONALD HALL, individually and on behalf of the general public and all others similarly situated,

Plaintiff-Appellant,

v.

FCA US LLC, FKA Chrysler Group LLC,

Defendant-Appellee.

No. 21-55895

D.C. No.
8:21-cv-00762-CJC-DFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted May 12, 2022
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and DANIELS,** District Judge.

Plaintiff Donald Hall appeals the district court's dismissal of his claims

against FCA US LLC, FKA Chrysler Group LLC (FCA) for breach of express

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

warranty, breach of contract, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and violation of California's Unfair Competition Law ("UCL"). The district court dismissed Hall's claims for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291.

We affirm the district court's dismissal of Hall's claim for breach of the Powertrain Warranty because Hall breached a condition of FCA's warranty obligations. The warranty states that, "[i]n order to maintain" the warranty, the owner must have a powertrain inspection performed by an authorized dealer once every five years, and Hall concedes that he did not do so. We reject Hall's contention that this inspection requirement is ambiguous in the context of the warranty as a whole. Although the Powertrain Warranty instructs the owner to comply with the Owner's Manual, which does not contain the inspection requirement, the Powertrain Warranty does not state or imply that compliance with the Owner's Manual eliminates the need to comply with the inspection requirement. Nor do the Powertrain Warranty's section headings contradict the clear text in the body of the document. Because the Powertrain Warranty is not ambiguous, Hall's assertion that any ambiguity must be resolved in his favor is

2

irrelevant. *See Victoria v. Super. Ct.*, 40 Cal. 3d 734, 739 (1985); Cal. Civ. Code § 1442.

We also reject Hall's contention that the Powertrain Warranty is unconscionable and therefore unenforceable. While the Powertrain Warranty is an adhesion contract, "[t]he degree of procedural unconscionability that arises from [this fact] is minimal," *Chen v. PayPal, Inc.*, 61 Cal. App. 5th 559, 567 (2021) (internal quotation marks omitted), and Hall did not allege that he lacked access to "'meaningful' alternatives" for obtaining a car or warranty without the challenged terms, *Dean Witter Reynolds, Inc. v. Super. Ct.*, 211 Cal. App. 3d 758, 771 (1989); *see also Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1320 (2005). Further, the inspection requirement is printed in the same font size as the rest of the warranty, is located in a short paragraph titled "Inspections," and is on an uncrowded page. *See Wayne v. Staples, Inc.*, 135 Cal. App. 4th 466, 481–82 (2006). Finally, Hall has not shown that requiring the vehicle owner to obtain a free inspection every five years in exchange for lifetime service coverage is substantively unconscionable because it is "so one-sided as to shock the

conscience," or that it "impose[s] harsh or oppressive terms." *Morris*, 128 Cal. App. 4th at 1322 (internal quotation marks omitted).[1]

We reverse the district court's dismissal of Hall's claim for breach of the Service Contract. Although the Service Contract establishes that a vehicle must be covered by a Powertrain Warranty in order to be eligible for a Service Contract, it is ambiguous whether a subsequent lapse of the warranty after Plan coverage has been in effect is grounds for cancellation. The Service Contract permits cancellation of coverage "after issuance should it be discovered that . . . the vehicle is ineligible or has been modified/altered to make it ineligible after [the contract's] coverage has been in effect." This language can be reasonably read as distinguishing between vehicles that were ineligible for coverage before the issuance of the Service Contract (and this ineligibility was discovered after issuance), and vehicles that were eligible for coverage before the issuance of the Service Contract but became ineligible after issuance due to subsequent modifications or alterations. Because the Service Contract is ambiguous, the district court erred in adopting FCA's proposed interpretation at the motion to dismiss stage. *See Victoria*, 40 Cal. 3d at 745 ("It is a well-settled rule of law that

---

[1] Because we hold that the Powertrain Warranty was not unconscionable, we do not consider whether Hall is time-barred from raising this argument.

ambiguities in a written contract are to be construed against the party who drafted it."); *See also Wolf v. Super. Ct.*, 114 Cal. App. 4th 1343, 1351 (2004) (explaining that interpreting an ambiguous contract may involve a question of fact). Accordingly, we reverse the district court's dismissal of this claim and remand for interpretation of the Service Contract in light of our decision.[2]

We reverse and remand the district court's dismissal of Hall's claims under RICO and the UCL for reconsideration after the district court determines the proper interpretation of the Service Contract.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.[3]**

---

[2] Because we remand the interpretation of the Service Contract to the district court, we do not consider whether the Service Contract is unconscionable.

[3] Each party will bear its own costs on appeal.